IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-cv-00534-RJC-DSC

| | |
|---|---|
| TBF FINANCIAL LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE BOULEVARD AT IRWIN PARK LLC<br>and CHRISTOPHER J. BRANCH,<br><br>　　　　　Defendants. | **ORDER** |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Strike" (document # 6) and the parties' briefs and exhibits.

The Motion was referred to the undersigned Magistrate Judge on March 2, 2021.

The Court has carefully reviewed the authorities, the record and the parties' arguments. Plaintiff moves to strike the affirmative defenses of unclean hands and failure of conditions precedent as set forth in Defendants' Answer (document #3).

A court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). Though generally disfavored, courts have broad discretion in ruling on motions to strike. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); see Brown v. Inst. For Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) ("Motions to strike are viewed with disfavor and are granted only for egregious violations. Thus, before a motion to strike will be granted the allegations must be the type envisioned by the rule and prejudicial.") (citations omitted). "The issue before the Court on a Rule 12(f) motion is not whether evidence is admissible, but whether it is immaterial, impertinent, and scandalous."

1

Fender v. Biltmore Forest Country Club, Inc., 2018 WL 1995532, at *1 (W.D.N.C. April 27, 2018) (quoting Lane v. Endurance Am. Specialty Ins. Co., No. 3:10-CV-401-MOC-DCK, 2011 WL 1343201, at *2-*3 (W.D.N.C. April 8, 2011)).

North Carolina law mandates that no person, firm, or corporation may operate a collection agency without securing a permit. N.C. Gen. Stat. § 58-70-1 (2011). A collection agency includes "[a]ny person that procures a listing of delinquent debtors from any creditor and that sells the listing or otherwise receives any fee or benefit from collections made on the listing." Id. at § 58-70-15(b)(1) (2017). A debt buyer is "a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts, or other delinquent consumer debt for collection purposes[.]" Id. at § 58-70-15(b)(4) (2017). Consumer debt is defined as "debt incurred by someone for the personal, family, or household purpose." ERGS II, LLC v. Lichtin, No. 5:12-cv-431-FL, 2013 WL 1246770, *7 (E.D.N.C. Mar. 3, 2013). A collection agency is not "[a]ny person attempting to collect or collecting claims, in that person's name, of a business or businesses owned wholly or substantially by that person." N.C. Gen. Stat. § 58-70-15(c)(11) (2017).

Applying those provisions, the Court concludes that Defendants have alleged affirmative defenses that are insufficient and immaterial. Plaintiff does not qualify as a "collection agency" or a "debt buyer" under N.C. Gen. Stat. § 58-70-15(b). Under N.C. Gen. Stat. § 58-70-15(c)(11), Plaintiff does not qualify as a collection agency because it is the owner of the debt and brings this claim in its own name. Accordingly, the Motion to Strike is **GRANTED** as to those affirmative defenses which are hereby **STRICKEN** from the Answer.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: March 4, 2021

David S. Cayer
United States Magistrate Judge